No. 21,227.

JACOB MATNEY, *Appellee*, V. B. F. BUSH, as Receiver of THE
    MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

INTERSTATE COMMERCE—*Injuries to Workman—Workmen's Compensation
    Act Does Not Apply.* The workmen's compensation act does not ex-
    tend to the case of a workman engaged in interstate commerce who,
    without his employer's fault, is injured in the course of his employ-
    ment—following *New York Central R. R. Co. v. Winfield,* 244 U. S.
    147.

Appeal from Allen district court; OSCAR FOUST, judge. Opin-
ion filed January 12, 1918. Reversed.

*W. P. Waggener, J. M. Challis,* both of Atchison, and *A. H.
Campbell,* of Iola, for the appellant.

*F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was injured in the course of his
employment as a section laborer on the defendant's interstate
railway track. His petition alleged facts sufficient to constitute
a cause of action under either the federal employers' liability
act, the Kansas workmen's compensation act, or the Kansas
railroad employers' liability act, and perhaps under the com-
mon law. On motion of defendant, plaintiff was required to
elect what law he would rely upon for a recovery, and he chose
to base his right of action on the workmen's compensation act.
Under that election, of course, the allegations of the petition
charging the employer with negligence became immaterial, and
the cause proceeded to judgment upon the evidence relating to
plaintiff's injuries.

Judgment was entered for plaintiff on December 9, 1916, at
which time the trial court followed the best light then available
on the law of the case—that line of decisions which held that
until congress should see fit to legislate on the subject of com-
pensation for injuries to workmen engaged in interstate com-
merce where their employers were not at fault, that field might
properly be occupied by state legislation. (*Rounsaville v. Cen-*

*tral R. R. Co.,* 87 N. J. L. 371; *Matter of Winfield v. N. Y. C. & H. R. R. R. Co.,* 216 N. Y. 284, Ann. Cas. 1916A, 817.) Since then, however, the Winfield case, *supra,* has been reversed by the supreme court of the United States (*New York Central R. R. Co. v. Winfield,* 244 U. S. 147), that court deciding that the liabilities of interstate railroad companies to make compensation for personal injuries to their employees engaged in interstate commerce are regulated both inclusively and exclusively by the federal employers' liability act, and that no field remains for state legislation on this subject "even in respect of injuries occurring without fault, as to which the federal act provides no remedy." (Syl. ¶ 1.)

It is therefore needless to discuss the subject, and it must be held that our state workmen's compensation act does not extend to cases where workmen engaged in interstate commerce are injured in the course of their employment without their employer's fault.

Reversed and remanded with instructions to enter judgment for defendant.